FILED
2002 NOV 21 PM 1:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RITA LEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 02-PT-2476-M |
| ) | |
| AFFORDABLE DENTURES - PELL ) | |
| CITY/EDEN, P.C., and Alabama ) | |
| Corporation; REGINALD F. ROSE, DMD; ) | |
| DONALD W. BAUGH, DDS, et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
NOV 21 2002

## MEMORANDUM OPINION

This cause comes on to be heard upon Plaintiff Rita Lee's ("Lee") Motion to Remand, filed on October 15, 2002.

### FACTS AND PROCEDURAL HISTORY[1]

Defendant Affordable Dentures - Pell City/Eden, P.C. ("Affordable") is an Alabama Corporation doing business in St. Clair County, Alabama. *See* Compl. at ¶ 2. At all times relevant, Lee was employed by Affordable. *See* Compl. at ¶ 5. Defendant Reginald F. Rose ("Rose") is the owner of Affordable and a resident of Alabama. *See* Compl. at ¶¶ 3, 8. Defendant Donald W. Baugh ("Baugh") acted as Lee's supervisor at Affordable and is a resident of Alabama. *See* Compl. at ¶¶ 4, 9.

On or around June 12, 2000, money was stolen from Affordable. *See* Compl. at ¶ 6. On or around June 19, 2000, Defendants suggested and/or directed that Lee take a polygraph test concerning her knowledge of the theft. *See* Compl. at ¶ 7. Lee refused to take the polygraph.

---

[1] For purposes of this Motion, the allegations in the Complaint will be taken as true.



*See* Compl. at ¶ 13. As a result of the refusal, Lee alleges that she was subjected to harassment, ridicule, and scorn. *See* Compl. at ¶ 14. She also alleges that she was denied a wage increase because of her refusal to take the polygraph. *See* Compl. at ¶ 15.

Lee filed this lawsuit in the Circuit Court of St. Clair County, Alabama, on September 12, 2002. Lee filed suit for (1) violation of the Employee Polygraph Protection Act ("the Act"), 28 U.S.C. § 2001 *et seq.*, and (2) the common-law tort of outrage.[2] Defendants removed this action on October 8, 2002. Removal was based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Notice of Removal at ¶¶ 4, 10. Lee now seeks to remand the case back to the Circuit Court of St. Clair County.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Therefore, federal courts have power to hear only those cases that they have been authorized to hear by the Constitution or by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Russell Corp.*, 264 F.3d at 1050. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed to federal court only if the case could have been brought originally in federal court pursuant to the court's diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The determination of whether federal jurisdiction exists must be made on

---

[2]Lee also filed a third count against fictitious parties. *See* Compl. at ¶¶ 17-18.

the face of the plaintiff's well-pleaded complaint. *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Thus, the burden of establishing federal jurisdiction is placed on the defendant, with all doubts resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## ARGUMENTS

Lee does not dispute that claims filed under the Act present a federal question. Rather, she points to the language of the Act itself, which provides that "An action to recover the liability prescribed . . . (1) may be maintained against an employer in any Federal *or State court* of competent jurisdiction . . . ." 29 U.S.C. § 2005(c)(2) (emphasis added). Lee says that she is simply exercising her option to bring the case in state court. Moreover, she argues, the removal statute provides that *"Except as otherwise specifically provided by act of Congress*, any civil action brought in a State court of which the district courts of the United States have assigned jurisdiction may be removed by the defendant . . . ." 28 U.S.C. § 1441(a) (emphasis added). According to Lee, the Act provides the type of exception contemplated by the removal statute. Also, Lee notes, the outrage claim is clearly a state law claim that could have been maintained in state court independently of the federal claim.

Defendants respond that this lawsuit is removable, because the violation claimed under the Act could have originally been brought in federal court because it involves a federal question. *See* 28 U.S.C. § 1441(a); *Hooper v. Albany Int'l Corp.*, 149 F. Supp. 2d 1315, 1320 (M.D. Ala. 2001). Moreover, Defendants argue, the concurrent jurisdiction granted by the Act does not make removal invalid. They assert that most federal laws provide for concurrent jurisdiction; indeed, the Supreme Court has held that exclusive federal jurisdiction has been the

3

exception, not the rule. *See Tafflin v. Levitt*, 493 U.S. 455, 460 (1990). As one court has noted,

> The existence of concurrent jurisdiction does not require a remand to state court . . . . The removal statutes by their very nature take away a plaintiff's power to choose his forum in limited cases and defendants have an absolute right to remove cases which a federal court would have had original jurisdiction. . . . As long as this federal court itself possesses jurisdiction over [Plaintiff's] suit, the fact that state courts share concurrent jurisdiction over the action provides no support for [the] motion to remand.

*McPhillips v. Blue Cross & Blue Shield of Alabama*, 79 F. Supp. 2d 1325, 1327 (M.D. Ala. 2000); *Accord Hooper*, 149 F. Supp. at 1323-24; 15 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 103.04 (3d ed. 1999) (discussing removal jurisdiction). Thus, concurrent jurisdiction does not defeat Defendants' attempt to remove this case.

As for the outrage claim, Defendants argue that, since the alleged conduct occurred after Lee refused to take the polygraph test, said conduct falls within the purview of the Act, and would thus itself be a federal question. In the alternative, Defendants argue that the state law claim of outrage would qualify for the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Further, they argue that none of the exceptions found in § 1367 or § 1441 apply in this case, because the two counts involve a single wrong. *See In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996) ("Where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claims exist under section 1441(c).").

In reply, Lee again notes that the Act allows her to bring the claim in state court. In addition, she has alleged a state law claim, which makes remand to state court even more proper. Lee points out that in the Eleventh Circuit, there is a strong presumption against removal, and all doubts are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994); *see also* 16 James Wm. Moore, et al., *Moore's Federal Practice* ¶¶ 107.05, 107.06 (3d ed. 1999) (noting the strong presumption against removal).

Lee then attempts to distinguish the cases relied upon by Defendants. Lee notes that *Hooper* was an ERISA case, and that *Tafflin* was a civil RICO claim. Thus, they are not applicable to this case because they were not brought under the Act. Specifically, she notes that the Supreme Court has approved of state courts asserting jurisdiction over civil RICO claims, even though those type of cases are typically very complicated, and even though the civil RICO statute does not specifically authorize state court jurisdiction. *Tafflin*, 493 U.S. at 465. Thus, Lee argues, a state court has the ability to hear a claim brought under the Act, a less complicated statute that contains a specific grant of concurrent state court jurisdiction.

Moreover, Lee notes, under both § 1367 (supplemental jurisdiction) and § 1441 (removal jurisdiction), a court can decline to hear a case when questions of state law predominate. *See* 28 U.S.C. § 1367(c)(2); 28 U.S.C. § 1441(c). According to Lee, this is just such a case because she is also seeking damages under the tort of outrage, a state law claim. Lee argues that this court should exercise its discretion and remand the case back to state court.

## CONCLUSIONS OF THE COURT

The motion will be denied. There is a clearly alleged federal question as to which there is concurrent jurisdiction in this court. Concurrent jurisdiction does not defeat removal. *See* 28 U.S.C. § 1445 (specifically providing for the non-removal of actions as to which there is concurrent jurisdiction). Contrary to the argument that the state law claim predominates, Alabama law would likely not recognize an outrage claim under the alleged facts. Even if it did, it would arise out of the predominating federal claim.

This _____ day of November, 2002.

*/s/ Robert B. Propst*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**